United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2007**

Charles R. Fulbruge III
Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-10137

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEPHANIE H. HORTA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

(4:04-CR-114)

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Stephanie Horta ("Horta") was charged with one

count of conspiracy to possess with intent to distribute cocaine, in violation of

21 U.S.C. § 841(a)(1). A jury convicted  Horta on that count and she was

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

sentenced to seventy-two months in prison. Horta timely appealed and argues several points of error: (1) the district court erred in admitting Horta's post-arrest statements, (2) it erred in its rulings on several evidentiary issues, and (3) it erred by giving a "deliberate ignorance" jury instruction. For the reasons stated below, we affirm.

In December 2003, undercover DEA agents met prospective cocaine buyers from Boston and Rhode Island in an east Fort Worth warehouse, where the prospective buyers were arrested as they attempted to purchase cocaine. Before the arrests, and while waiting for the promised cocaine to arrive, one prospective buyer, Victor Ortiz, called Horta and gave her directions to the warehouse. Ortiz explained to the others at the warehouse that "he was going to have a female drive the cocaine back to where they came from." Shortly thereafter agents observed Horta driving near the warehouse and they stopped and arrested her in a nearby parking lot. Horta concedes that she was Mirandized upon her arrest. She was then transported to a DEA office and briefly questioned about her involvement. Following the interview, which lasted about fifteen minutes, she was released without being charged. During the interview Horta allegedly admitted that she owned a minivan used during the conspiracy.

In July 2004, a grand jury in the Northern District of Texas returned an indictment charging Horta, along with the prospective cocaine buyers, as conspirators in the attempted drug transaction. Upon learning that a warrant had been issued for her arrest, Horta surrendered to authorities. Prior to trial, Horta sought to suppress her post-arrest statement to police regarding the minivan. After an evidentiary hearing, the district court found that Horta made the statement voluntarily and denied the motion.

At trial the prosecution elicited testimony from, among others, Mark Sorel, the Lakeville, Massachusetts police chief. He testified that he knew Horta because he frequented the restaurant where she worked, and that she came to him to inquire about a warrant. He also testified, over a hearsay objection, that Horta told him she had been offered a substantial sum of money to drive a vehicle to Texas, and that she figured it was illegal but "didn't know the details." The district court did not allow Horta to cross examine Sorel concerning prior alleged drug use and dishonesty from more than twenty years prior. Over Horta's objection, the prosecution also introduced transcripts of phone conversations between undercover agents and several of Horta's co-conspirators to establish the existence of the conspiracy.

On appeal Horta seeks a new trial because of the evidentiary errors she

alleges occurred below, and because she contends that a deliberate ignorance jury instruction was inappropriate. After examining the briefs and the record, and after hearing oral argument, we find no error under the applicable standards of review. Accordingly we affirm.

**AFFIRMED.**